# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| **JOHN R. MILLER, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 10-0512 (ESH)** |
| | ) | |
| **JOHN KERRY,**[1] | ) | |
| | ) | |
| **Defendant.** | ) | |

_____)

## MEMORANDUM OPINION

Plaintiff John R. Miller is a United States citizen who was employed by the Department

of State as a safety inspector at the United States Embassy in Paris, France, when he was

terminated by the Department of State because he turned 65 years of age.  Plaintiff claims that

his termination violated the Age Discrimination in Employment Act of 1967 ("ADEA"), 29

U.S.C. § 633a.  This Court previously granted defendant's motion to dismiss for failure to state a

claim on the grounds that section 2(c) of the Basic Authorities Act, 22 U.S.C. § 2669(c),

permitted defendant to exempt plaintiff from ADEA coverage.  *See Miller v. Clinton*, 750 F.

Supp. 2d 11, 19-20 (D.D.C. 2010).  The Court of Appeals for the District of Columbia Circuit

reversed, holding that "nothing in the Basic Authorities Act [] abrogates the ADEA's broad

proscription against personnel actions that discriminate on the basis of age" and remanded for

further proceedings.  *Miller v. Clinton*, 687 F.3d 1332, 1335 (D.C. Cir. 2012).

_____

[1] Pursuant to Fed. R. Civ. P. 25(d), if a public officer named as a party to an action in her official capacity ceases to hold office, the Court will automatically substitute that officer's successor. Accordingly, the Court substitutes Secretary John Kerry for Former Secretary Hillary Clinton.

Plaintiff has now filed a Renewed Cross-Motion for Summary Judgment as to Liability, as well as what is styled Plaintiff John Miller's Motion for Reinstatement to His Paris Embassy Position.  Defendant has filed a Renewed Motion to Dismiss Request for Relief for Lack of Subject Matter Jurisdiction and Failure to State a Claim, as well as an Opposition to Plaintiff's Motion for Reinstatement to his Paris Embassy Position, or, in the Alternative, Rule 56(d) Motion for Discovery.  As explained herein, the Court will grant plaintiff's motion for summary judgment as to liability, grant defendant's motion to dismiss plaintiff's request for compensatory damages, deny without prejudice plaintiff's motion for reinstatement, and grant defendant's motion for discovery.

## BACKGROUND

The material facts of this case are not disputed, and were described in detail in the Court's previous opinion.[2]  *See Miller*, 750 F. Supp. 2d at 12-14.  The Court will therefore present an abbreviated version here.  Plaintiff was hired as Locally Employed Staff under section 2(c) of the Basic Authorities Act to work at the United States Embassy in Paris, France.  (Compl. ¶¶ 1, 19.)  Based on its reading of section 408 of the Foreign Service Act, 22 U.S.C. § 396, and section 2(c) of the Basic Authorities Act, the State Department incorporated a "Retirement" clause establishing 65 as the "mandatory age limit" into plaintiff's employment contract.  (Def. First Mot. to Dismiss [ECF No. 7] at 5-7; Ex. A to Def. First Mot. to Dismiss at 1.)  While plaintiff was working as an Embassy safety inspector under a one-year contract extension that was to expire in October 2007, he was notified that he would instead be terminated on July 23, 2007, since that was his 65th birthday.  (*See* Pl. Opp. to Def. First Mot. to Dismiss [ECF No. 11]

---

[2] While defendant disputes that plaintiff was terminated solely because he turned 65, asserting instead that he was terminated because his contract incorporated a mandatory retirement age of 65, that distinction is immaterial given the Circuit's ruling.

at 5, 7.)  Defendant asserted that the State Department's actions were consistent with section 2(c) of the Basic Authorities Act.

Plaintiff sought, but was denied, a one-year extension of his employment.  (*See* Compl. ¶ 1.)  On July 30, 2007, he filed a complaint with the State Department, alleging that his termination based on age violated the federal employees provision of the ADEA, 29 U.S.C. § 633a(a), which states that "[a]ll personnel actions affecting employees . . . who are at least 40 years of age (except personnel actions with regard to aliens employed outside the limits of the United States) . . . in executive agencies . . . shall be made free from any discrimination based on age."  (Compl. ¶ 21; Ex. A to Compl.)  On January 7, 2008, while his discrimination claim was pending before the State Department, plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC").  (Compl. ¶¶ 21-22.)  The EEOC dismissed plaintiff's complaint for failure to state a claim, and the State Department entered a final order implementing that decision, pursuant to 29 C.F.R. §1614.110(a).  (*See* Compl. ¶ 22; Ex. B to Compl.)

Plaintiff then sued seeking, *inter alia*, compensatory damages, reinstatement, back pay, attorneys' fees, and declaratory and/or injunctive relief for defendant's alleged violation of the ADEA.  (*See* Compl. ¶ 27.)  Defendant moved to dismiss for failure to state a claim, arguing that plaintiff was not protected by the ADEA.  (*See* Def. First Mot. to Dismiss at 1-2.)  This Court granted defendant's motion and dismissed the case.  The Court of Appeals reversed that decision and remanded for further proceedings.  The parties have now filed four motions, which the Court will address *seriatim*.

**ANALYSIS**

**I.     PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY**

Following the Court of Appeals' decision in this case, defendant has "chosen not to

further contest the issue of whether plaintiff's termination was prohibited by the federal

employment provisions of the ADEA[.]"  (Def. Resp. to Pl. Renewed Cross-Motion [ECF No.

35] at 1.)  Although defendant disputes certain facts in plaintiff's Statement of Material Facts,

the disputed facts are either mooted by the Court of Appeals' decision or relevant to the issue of

remedy, not to the issue of liability.  Indeed, defendant concedes that "the only issue remaining

to be resolved is what relief, if any, is due to the plaintiff."  (*Id*.)  Plaintiff's motion for summary

judgment as to liability will therefore be granted as conceded.

**II.    DEFENDANT'S RENEWED MOTION TO DISMISS REQUEST FOR RELIEF
         FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO
         STATE A CLAIM**

Plaintiff has demanded "economic damages (including lost wages, lost benefits, lost

opportunity cost, and other financial injury), as well as non-economic damages such as physical

injury and substantial anxiety, mental anguish, etc."  (Compl. ¶ 27.)  Additionally, plaintiff seeks

reinstatement to his Embassy position and indicates that if the Court does not grant his motion

for reinstatement "with full restoration of benefits," he will seek "[l]egal/equitable relief . . . in

the amount of $113,015 relating to [his] loss of French social security benefits from his

wrongful, premature termination."  (Pl. Opp. to Def. Renewed Mot. to Dismiss [ECF No. 31] at

2.)  Plaintiff also seeks recoverable attorneys' fees.  (*See id*. at 1; Compl. ¶ 27.)  Defendant

moves to dismiss plaintiff's request for compensatory damages, arguing that it is "barred by the

sovereign immunity of the United States because the ADEA does not authorize awards of damages against the Federal Government."[3]   (Def. Renewed Mot. to Dismiss [ECF No. 29] at 1.)

## A.   12(b)(1)

To survive a motion to dismiss under Rule 12(b)(1), plaintiff must demonstrate that the court has jurisdiction.  *See Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008).  Since district courts are courts of limited jurisdiction, the inquiry into "subject matter jurisdiction is, of necessity, the first issue for an Article III court."  *Loughlin v. United States*, 393 F.3d 155, 170 (D.C. Cir. 2004) (internal quotation and citation omitted).  "When determining the question of jurisdiction, federal courts accept the factual allegations contained in the complaint as true . . . . Moreover, the Court can consider material outside of the pleadings when determining whether it has jurisdiction."  *Halcomb v. Office of the Senate Sergeant-At-Arms*, 563 F. Supp. 2d 228, 235 (D.D.C. 2008) (citations omitted).  "The United States, as sovereign, 'is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'"  *Fornaro v. James*, 416 F.3d 63, 66 (D.C. Cir. 2005) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).  Thus, it is appropriate for the Court to decide at this stage whether compensatory damages are barred by sovereign immunity because it

---

[3] The Court notes that defendant has reserved the right to file a further motion to dismiss requests for other forms of relief to which plaintiff has alluded, such as "other 'legal injuries' including 'lost opportunity cost[] and other financial injury,'" to the extent that they are barred by sovereign immunity.  (*See* Def. Renewed Mot. to Dismiss at 8 n.2 (quoting Compl. ¶ 27).)  It is assumed that these "other 'legal injuries'" are what plaintiff has referred to in passing as "specific economic damages directly and proximately resulting from the failure of Mr. Miller to pay into French social security for 5+ years, as the result of the State Department's unlawful termination of Mr. Miller" (Pl. Opp. to Def. Renewed Mot. to Dismiss at 11).  As defendant suggests, these are properly categorized as consequential damages.  (*See* Def. Reply at 3-4, n.1.) But since the parties have not really addressed whether such damages can be recovered here, the Court need not resolve this issue at this time.

is a jurisdictional issue and the Court's ruling will enable the parties to more efficiently define the scope of discovery that remains.

### B.  ADEA

The purpose of the ADEA is "to promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; [and] to help employers and workers find ways of meeting problems arising from the impact of age on employment."  29 U.S.C. § 621(b).  When it was first enacted, the ADEA applied only to private employers.  *See Lehman v. Nakshian*, 453 U.S. 156, 166 (1981).  In its original form, "[t]he substantive [] antidiscrimination provisions of the ADEA [we]re modeled upon the prohibitions of Title VII, [while] [i]ts remedial provisions incorporate[d] by reference the provisions of the Fair Labor Standards Act of 1938."  *McKennon v. Nashville Banner Pub. Co*., 513 U.S. 352, 358 (1995) (citations omitted).

In 1974, Congress expanded the ADEA's scope to include state and local governments, as well as federal employers.  *See Forman v. Small*, 271 F.3d 285, 296 (D.C. Cir. 2001).  While Congress incorporated state and local government employers by adding them to the definition of "employer" under the ADEA, *see* 29 U.S.C. § 630(b), it created an entirely new statutory section, *see* 29 U.S.C. § 633(a), wherein it waived federal sovereign immunity with respect to claims against federal employers.  *See Forman,* 271 F.3d at 296.  This "distinct statutory scheme" was "based not on the FLSA but . . . on Title VII."  *Nakshian*, 453 U.S. at 166-67.  *See also Gomez-Perez v. Potter*, 553 U.S. 474, 487 (2008).  As the Supreme Court has noted, § 633a

is "self-contained and unaffected by other sections."  *Nakshian*, 453 U.S. at 168 (referring to 29

U.S.C. § 633a(f)).)[4]

### C.  Sovereign Immunity

Section 633a(c) waives sovereign immunity with respect to age discrimination claims

brought against federal employers.  It reads: "Any person aggrieved may bring a civil action in

any Federal district court of competent jurisdiction for such legal or equitable relief as will

effectuate the purposes of this chapter."  29 U.S.C. § 633a(c).  *See Gomez-Perez*, 553 U.S. at 491

("Subsection (c) of §633a unequivocally waives sovereign immunity for a claim brought by 'any

person aggrieved' to remedy a violation of §633a.").  The question before this Court is the scope

of the waiver with respect to remedies.

"In analyzing whether Congress has waived the immunity of the United States, we must

construe waivers strictly in favor of the sovereign and not enlarge the waiver beyond what the

language requires."  *Forman*, 271 F.3d at 296 (quoting *Library of Congress v. Shaw*, 478 U.S.

310, 318 (1986)).  The Supreme Court has consistently stated that "a waiver of sovereign

immunity must be 'unequivocally expressed' in a statutory text."  *Fed. Aviation Admin. v.

Cooper*, 132 S. Ct. 1441, 1448 (2012) (citations omitted).  "Any ambiguities in the statutory

language are to be construed in favor of immunity, so that the Government's consent to be sued

is never enlarged beyond what a fair reading of the text requires."  *Id*. (citations omitted).  "To

sustain a claim that the Government is liable for awards of monetary damages, the waiver of

sovereign immunity must extend unambiguously to such monetary claims."  *Lane v. Pena*, 518

---

[4] "Any personnel action of any department, agency, or other entity referred to in subsection (a) of this section shall not be subject to, or affected by, any provision of this chapter, other than the provisions of sections 626(d)(3) and 631(b) of this title and the provisions of this section."  29 U.S.C. § 633a(f).

U.S. 187, 192 (1996) (citation omitted).  *See also Cooper*, 132 S. Ct. at 1456 (holding that under Privacy Act, federal government waived its sovereign immunity with respect to "actual damages" but not with respect to damages for mental or emotional distress).

Plaintiff argues that § 633a(c)'s reference to "such legal or equitable relief as will effectuate the purposes of this chapter" so clearly encompasses the monetary relief that plaintiff seeks that "[t]he sovereign immunity cannon has no application."[5]  (Pl. Opp. to Def. Renewed Mot. to Dismiss at 4.)  This is a curious argument, since § 633a(c) *is* the sovereign immunity waiver for the ADEA.  Furthermore, by focusing narrowly on the text of the statute and by ignoring sovereign immunity principles, plaintiff misses the point.  He argues that "certain traditional remedies of the ADEA – back pay; reinstatement/front pay – are essentially injunctive, and hence, equitable in nature;" therefore, according to plaintiff, in order not to render the term "legal relief" superfluous, it must mean something more.  (*Id*. at 5.)  Plaintiff further asserts that "the phrase [] 'legal relief,' at the time the federal sector ADEA was enacted, unmistakably meant the traditional array of tort remedies, including money damages."  (*Id*. at 6.)  In support, plaintiff refers to § 1981 and the entirely unrelated Magnuson-Moss Warranty Act, 15 U.S.C. § 2310.[6]  There is no doubt that back pay and reinstatement/front pay fall into the category of equitable relief and that damages, including compensatory and punitive damages, fall into the category of legal relief.  But this does not solve the inquiry, since the question remains whether the government has explicitly waived its sovereign immunity under the ADEA for *all* forms of legal relief or whether the waiver is more limited.

---

[5] The case plaintiff cites in support, *Richlin Security Service Co. v. Chertoff*, 553 U.S. 571, 589-90 (2008) is inapposite, as it primarily addresses the question of how to calculate paralegal fees under the Equal Access to Justice Act, 5 U.S.C. § 504(a).

[6] Notably, these same arguments were made by the plaintiff in *Villescas* and were rejected by the Tenth Circuit.  *See Villescas v. Abraham*, 311 F.3d 1253, 1261 (10th Cir. 2002).

### D.  Compensatory Damages

It is well-established that compensatory damages are not available under the non-federal employer provisions of the ADEA.  Without explicitly holding as much, the Supreme Court has noted the unanimity among the circuits that "the ADEA does not permit a separate recovery of compensatory damages for pain and suffering or emotional distress" for claims brought against private employers.  *Comm'r of Internal Revenue v. Schleier*, 515 U.S. 323, 326 (1995) (collecting cases).  This consensus is based largely on the fact that Congress incorporated the FLSA remedial scheme into the non-federal provisions of the ADEA, and it is assumed that Congress knew at the time of enactment that courts had long precluded compensatory damages under the FLSA.  *See Pfeiffer v. Essex Wire Corp.*, 682 F.2d 684, 686 (7th Cir. 1982). Additionally, considering the question of congressional intent, several courts "determined that award of damages beyond unpaid wages and liquidated damages would hamper the administrative conciliation process envisioned by the statute."  *Id.* at 687.

Numerous courts, including district courts in this jurisdiction, have extended the rule against compensatory damages in private suits to suits against federal employers under § 633a. *See, e.g., Smith v. Office of Pers. Mgmt.*, 778 F.2d 258, 261 (5th Cir. 1985) ("Absent congressional intent to provide for the recovery of damages other than lost wages, we decline to imply such a remedy."); *Villescas*, 311 F.3d at 1261 ("It would be anomalous to conclude that Congress would decline to waive sovereign immunity for capped damages for willful discrimination, yet be deemed to have waived sovereign immunity for unlimited compensatory damages for intangible, non-economic injuries such as emotional distress[.]"); *Moore v. Stone*, 1994 WL 549733, at *3 (D.D.C. 1994) ("Nor does the ADEA create a right to compensatory or liquidated damages or a jury trial in the federal employment context." (citation omitted)); *Walker*

*v. United States Dep't of Commerce*, 2012 WL 1424495, at *7 (E.D. Cal. 2012) (in federal employment case, noting that the "ADEA does not permit a separate recovery of compensatory damages for pain and suffering or emotional distress."); *cf. Lindsey v. District of Columbia*, 2012 WL 6840529, at *1 (D.D.C. 2012) (noting that § 633a "does not grant federal employees the full scope of rights accorded to private, state, and local employees" resulting in restrictions on the right to a jury trial, liquidated damages, and recovery of attorneys' fees). The reasoning in these cases is somewhat different than that in the non-federal employer cases, insofar as the FLSA remedial scheme is not relevant to § 633a while sovereign immunity concerns are. However, the bottom line is the same for federal and non-federal cases alike: compensatory damages are precluded.

Although neither the Supreme Court nor the D.C. Circuit have directly addressed this question, this Court is aware of no contrary authority. Nevertheless, plaintiff urges the Court to ignore this unanimous chorus. He dismisses the relevance of these authorities on the grounds that many have relied on the reasoning in *Smith*, a decision that plaintiff calls "objectively, historically, and demonstrably wrong." (Pl. Opp. to Def. Renewed Mot. to Dismiss at 9-10.) This claim is not only bold, it is spurious. Plaintiff bases his critique of *Smith* principally on the analysis in *Lorillad v. Pons*, 434 U.S. 575 (1978). (*See* Pl. Opp. to Def. Renewed Mot. to Dismiss at 6-7.) However, *Lorillard* addressed only the private employer provisions of the ADEA, and thus "has no application in this context." *Nakshian*, 453 U.S. at 163. As the Supreme Court made clear in *Nakshian*, the *Lorillard* Court's analysis, and in particular the significance it attached to the word "legal" in the phrase "legal or equitable relief," is irrelevant in the context of § 633a(c). *See id*.

Plaintiff also relies upon FLSA cases, such as *Travis v. Gary Community Mental Health Ctr., Inc.*, 921 F.2d 108 (7th Cir. 1990), which are equally inapt here, as the Supreme Court explicitly recognized that "Congress did not incorporate the FLSA enforcement scheme into [§ 633a]." *Nakshian*, 453 U.S. at 163. *Accord Villescas*, 311 F.3d at 1260 (distinguishing *Travis* because it "deals with an FLSA statute expressly excluded from affecting §633a by §633a(f); it does not analyze under the strictures of sovereign immunity; and its view of damages includes punitive damages – highly unlikely by implication against the sovereign in an immunity analysis.") (*See* Pl. Opp. at 7-8.)

Taking into account the consensus view that compensatory damages are unavailable under the ADEA, together with the long-standing principle that waivers of sovereign immunity must be stated explicitly, this Court agrees with the Fifth and Tenth Circuits that "Congress did not intend to provide broader relief to federal employees than for private sector employees." *Villescas*, 311 F.3d at 1259 (citing *Smith*, 778 F.2d at 261-62). The Court reaches this conclusion while recognizing that this Circuit has issued a pronouncement that appears at first blush to suggest the opposite: "Congress's actions show that it intended its mandate to reach more broadly in the federal sector than in the private sector." *Forman*, 271 F.3d at 297. But significantly, the issue before the Court of Appeals, as well as the evidence it cited in support, pertained to the *substantive* reach of the federal employer provision of the ADEA. Indeed, § 633a(a) uses "sweeping language" requiring that "'[a]ll personnel actions affecting employees . . . who are at least 40 years of age . . . shall be made free from any discrimination based on age.'" *Forman*, 271 F.3d at 297 (quoting 29 U.S.C. § 633a(a)). Based on this language, the Court of Appeals found that Congress intended to include retaliation claims within the scope of the federal employer provision. *See id.* at 298.

Similarly, the Court of Appeals decided, based on the same "sweeping language," that "plaintiffs may [] establish liability, though not necessarily entitlement to such remedies as reinstatement and backpay, by showing that consideration of age was *a* factor in the challenged personnel action." *Ford v. Mabus*, 629 F.3d 198, 200 (D.C. Cir. 2011). In neither case, however, did the Court of Appeals consider the meaning or reach of § 633a(c), the sovereign immunity waiver provision that is at issue here. As the Supreme Court noted in considering whether retaliation claims against a federal employer are cognizable under § 633a, "[t]hat the waiver in § 633a(c) applies to § 633a(a) claims does not mean that § 633a(a) must surmount the same high hurdle as § 633a(c)." *Gomez-Perez*, 553 U.S. at 491. Conversely, that § 633a(a) was intended to cover a broad range of substantive claims does not mean that the waiver provision of 633a(c) should also be construed to provide a broad range of remedies.

It is true that the widely-cited Fifth Circuit *Smith* case was decided in 1985, prior to the 1991 Amendments, which added, *inter alia*, compensatory damages and the jury trial right to Title VII. But that is an argument for adopting *Smith*'s analysis rather than rejecting it. When Congress amended Title VII in 1991 to allow for compensatory damages, it could have decided to do the same for the ADEA, but it did not. *See Villescas*, 311 F.3d at 1260 ("Congress had another opportunity to enlarge the remedies available under the federal employee ADEA when it amended Title VII and other Acts in the Civil Rights Act of 1991 to permit compensatory damages, subject to caps, and it conspicuously chose not to do so for ADEA claims") (citations omitted); *see also Smith v. City of Jackson, Miss.*, 544 U.S. 228, 240 (2005) ("While the relevant 1991 amendments expanded the coverage of Title VII, they did not amend the ADEA or speak to the subject of age discrimination."). As the Supreme Court recently remarked in a slightly different context, "[w]e cannot ignore Congress' decision to amend Title VII's relevant

provisions but not make similar changes to the ADEA.  When Congress amends one statutory

provision but not another, it is presumed to have acted intentionally."  *Gross v. FBL Financial*

*Services*, 557 U.S. 167, 174 (2009).

For these reasons, the Court agrees with the conclusion of every other court to have

addressed this issue: Congress has not waived federal sovereign immunity with respect to

compensatory damages under the ADEA.  Accordingly, this Court lacks subject matter

jurisdiction over plaintiff's request for compensatory damages, and defendant's motion to

dismiss that request is granted.

## III.   PLAINTIFF'S MOTION FOR REINSTATEMENT AND DEFENDANT'S RULE 56(D) MOTION FOR DISCOVERY

Reinstatement is certainly an available remedy in ADEA suits against federal employers.

*See* 29 U.S.C. § 633a(b) (authorizing EEOC "to enforce the provisions of subsection (a) of this

section through appropriate remedies, including reinstatement or hiring of employees with or

without backpay, as will effectuate the policies of this section"); *cf. Ford*, 629 F.3d at 207 (can

establish liability under §633a by proving age was *a* factor, but may not be able to get

reinstatement or backpay without proving but-for causation).  Indeed, reinstatement is the

preferred remedy under the ADEA, although it may not always be feasible or appropriate.  *See*

*Blim v. Western Electric Co*., 731 F.2d 1473, 1479 (10th Cir. 1984) (holding that "courts should

order reinstatement under the ADEA whenever it is an appropriate remedy" because

"reinstatement best serves Congress' purpose in enacting the ADEA" and "an award of front pay

is always somewhat speculative"); *Palasota v. Haggar Clothing Co*., 499 F.3d 474, 489 (5th Cir.

2007) ("The selection between reinstatement and front pay is discretionary with the trial court so

long as the relief granted is consistent with the purposes of the ADEA.  Nevertheless,

reinstatement is by far the preferred remedy in an ADEA case." (internal quotations and citations

omitted)); *Maxfield v. Sinclair Int'l*, 766 F.2d 788, 796 (3rd Cir. 1985) ("Reinstatement is the preferred remedy to avoid future lost earnings, but reinstatement may not be feasible in all cases.").

Nonetheless, since no discovery has been undertaken, it is premature for the Court to decide whether reinstatement is "feasible" under the present circumstances, or in the alternative, whether front pay is an appropriate remedy.  Similarly, back pay is clearly an available remedy, *see* 29 U.S.C. § 633a(b), but the Court cannot yet determine the period of time for which plaintiff would be entitled to back pay.  Because the record is insufficiently developed for the Court to make these determinations at this time, it will deny plaintiff's motion for reinstatement without prejudice and grant defendant's Rule 56(d) motion for discovery.  The scope of discovery will be restricted to those matters that impact the form and calculation of the remedies that remain potentially open to plaintiff.

## CONCLUSION

For the reasons stated above, the Court will grant plaintiff's motion for summary judgment as to liability, grant defendant's motion to dismiss plaintiff's request for compensatory damages, deny without prejudice plaintiff's motion for reinstatement, and grant defendant's motion for discovery.  A separate Order accompanies this Memorandum Opinion.

_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge

DATE:  February 20, 2013